IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUDITH E. LUCKE,

        Plaintiff,                CV-06-1149-ST

     v.                                ORDER

MULTNOMAH COUNTY, BERNIE GIUSTO,
JENNIFER OTT, RONALD BISHOP, and TIM
MOORE,

        Defendants.

STEWART, Magistrate Judge:

After the jury was unable to reach a verdict, this court granted defendants' renewed Motions for Judgment as a Matter of Law (docket # 180) and entered a Judgment on January 14, 2009, dismissing this case (docket # 181). Plaintiff then filed an appeal to the Ninth Circuit Court of Appeals (docket #189), which affirmed the Judgment by issuing its Mandate dated February 12, 2010 (docket # 209).

Defendants have now filed a Motion for Costs on Appeal Pursuant to FRAP 39(e) (docket # 210) in the sum of $1,853.20 for the official court reporter transcriptions. Plaintiff

1 - ORDER

does not argue that these costs were unreasonable or unnecessarily incurred, but instead claims an inability to pay as supported by her affidavit dated January 21, 2009.

Costs are awarded to the prevailing party in a civil action "[u]nless a federal statute, these rules, or a court order provides otherwise." FRCP 54(d). In deciding whether to award costs to a defendant, district courts may consider the amount of the costs involved, the plaintiff's ability to pay and the possibility that the award may leave the plaintiff indigent, and the potential chilling effect on future civil rights litigants of imposing the costs. *See Stanley v. Univ. of S. Cal.,* 178 F3d 1069, 1079-81 (9th Cir 1999) (reversing district court's award of costs to defendants "particularly based on the district court's failure to consider . . . [plaintiff's] indigency, and the chilling effect of imposing such high costs on future civil rights litigants."); *Nat'l Org. of Women v. Bank of Cal.*, 680 F2d 1291, 1294 (9th Cir 1982) (district court did not abuse its discretion in denying costs on basis of "plaintiffs' limited budgets").

Defendants first argue that the Ninth Circuit made no allocation of costs on appeal and that this court has no authority to deviate from the allocation of costs prescribed by FRAP 39(a)(2). However, defendants cite no authority for that argument. Furthermore, FRAP 39(a)(2) states that "unless the law provides or the court orders otherwise . . . . if a judgment is affirmed, costs are taxed against the appellant." This language expressly leaves the taxation of costs against an unsuccessful appellant to the court's discretion.

According to her Affidavit, plaintiff is unemployed, unable to meet her living expenses, and lacks the financial means to pay the costs sought by defendants. However, as pointed out by defendants, this Affidavit is more than a year old. It is a copy of the same Affidavit previously submitted in response to defendants' prior Cost Bill after trial of $15,790.69 (docket # 182)

which this court denied due to plaintiff's inability to pay (docket # 190). This Affidavit does not address plaintiff's current financial situation. Although her financial situation may not have improved markedly in the past year, plaintiff must provide current financial information to avoid payment of defendants' costs on appeal. Therefore, plaintiff is allowed leave to file a supplemental Affidavit substantiating her current inability to pay costs on appeal. Failure to do so will result in this court taxing the costs on appeal against plaintiff.

## ORDER

On or before April 23, 2010, plaintiff shall file a supplemental Affidavit to provide current financial information to substantiate her current inability to pay costs on appeal.

DATED this 6th day of April, 2010.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

3 - ORDER